# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 7 |
| | : Case No. 08-10832 (CSS) |
| Linens Holding Co., *et al.*,[1] | : Substantively Consolidated |
| Debtors. | : |
| | : |
| Charles M. Forman, Chapter 7 Trustee for the estates of Linens Holding Co., *et al.*, | : |
| Plaintiff, | : Adv. Pro. No. 11-_____ |
| v. | : |
| COLONIAL CANDLE OF CAPE COD, | : |
| Defendant. | : |

## COMPLAINT TO AVOID AND RECOVER
## PREFERENTIAL TRANSFERS AND FOR OTHER RELIEF

Charles M. Forman, the chapter 7 trustee (the "Plaintiff") of the estates of the substantively consolidated above-captioned debtors (the "Debtors"), by and through his undersigned counsel, alleges for his complaint against defendant herein as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, among other things, (1) to avoid and recover certain preferential transfers made by one or more of the Debtors to COLONIAL CANDLE OF CAPE COD ("Defendant"), (2) for breach of contract or alternatively, to address Defendant's unjust enrichment, (3) for turnover of property pursuant to 11 U.S.C. § 542, (4) to disallow claims

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Linens Holding Co. (2917), Linens 'n Things, Inc. (3939), Linens 'n Things Center, Inc. (0138), Bloomington, MN., L.T., Inc. (8498), Vendor Finance, LLC (5543), LNT, Inc. (4668), LNT Services, Inc. (2093), LNT Leasing II, LLC (4182), LNT West, Inc. (1975), LNT Virginia LLC (9453), LNT Merchandising Company LLC (2616), LNT Leasing III, LLC (3599) and Citadel LNT, LLC (2479). The Debtors' respective estates have been substantively consolidated, and are collectively referred to herein as the "Debtors."

pursuant to 11 U.S.C. § 502(d), and (5) for an accounting.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## THE PARTIES

5. On May 2, 2008 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

6. As of February 26, 2010, the Court converted the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code (the "Conversion"), and the Office of United States Trustee appointed the Plaintiff to serve as the interim trustee of the estates of the substantively consolidated Debtors.

7. Upon information and belief, Defendant is a corporation or other legal entity, whose state of incorporation or formation presently is unknown to Plaintiff. As further alleged herein, Defendant transacted business with one or more of the Debtors prior to the Petition Date.

## GENERAL ALLEGATIONS

8. One or more of the Debtors and Defendant are parties to one or more vendor agreements (the "Agreement") pursuant to which Defendant sold certain goods to one or more of the Debtors. The Agreement incorporates by reference the Linens 'n Things Vendor Manual (the "Vendor Manual").

9. Pursuant to the Agreement and/or the Vendor Manual, one or more of the Debtors

were entitled to credit for, among other things, overpayment for goods, damage allowances, freight allowances and other reasons (the "Credits"). One or more of the Debtors were entitled to the Credits in the form of cash and/or as credit against invoices.

10. On or within 90 days prior to the Petition Date (the "Preference Period"), one or more of the Debtors made one or more transfers of an interest of the Debtors in property to or for the benefit of Defendant, as set forth on Exhibit A hereto.

11. Exhibit A reflects Plaintiff's current knowledge of the transfers made to Defendant during the Preference Period. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all such transfers, whether such transfers presently are reflected on Exhibit A or not. Collectively, all transfers made by one or more of the Debtors of an interest of the Debtors in property to or for the benefit of Defendant during the Preference Period (whether such transfers presently are reflected on Exhibit A hereto or not) are referred to herein as the "Transfers."

12. To the extent that one or more of the Debtors have used Credits in the place of cash or other consideration to reduce a debt owed to Defendant within the Preference Period (the "Used Credits"), such Used Credits are included within the definition of "Transfers." To the extent that one or more of the Debtors have not used Credits (the "Unused Credits"), such Unused Credits are not included within the definition of "Transfers."

13. The Unused Credits represent sums owed by Defendant to one or more of the Debtors and are identified on Exhibit B hereto. Exhibit B reflects Plaintiff's current knowledge of the Unused Credits, but it is Plaintiff's intention to recover all Unused Credits, including Unused Credits that Plaintiff may discover during the course of this proceeding, as sought

hereunder.

14. Plaintiff is entitled to obtain payment from Defendant in the amount of the Unused Credits, or in the alternative to setoff or otherwise recover all Unused Credits against any and all claims that Defendant asserts or may assert against the Debtors' estates in the above-captioned bankruptcy cases, including but not limited to any claims pursuant to 11 U.S.C. § 503(b)(9) (collectively, all such claims are referred to herein as the "Claims").

15. Prior to commencing this adversary proceeding, a demand letter was sent to the Defendant seeking recovery of certain of the Transfers and the Unused Credits (the "Demand Letter"). Either the Defendant did not respond to the Demand Letter or in response to the Demand Letter, Defendant asserted that it had defenses to Plaintiff's claims. While Defendant may be able to prove defenses to some portion of Plaintiff's claims, Plaintiff believes that Defendant does not have complete defenses to Plaintiff's claims.

## COUNT I
### (Preferential Transfer Pursuant To 11 U.S.C. § 547(b))

16. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

17. The Transfers were made to or for the benefit of Defendant, a creditor of one or more of the Debtors.

18. The Transfers were made for or on account of an antecedent debt(s) owed by one or more of the Debtors before such Transfers were made.

19. The Transfers were made during the Preference Period.

20. The Transfers were made while the Debtors were insolvent.

21. The Transfers enabled Defendant to receive more than Defendant would have received if: (i) these cases were cases under chapter 7 of the Bankruptcy Code; (ii) the Transfers

had not been made; and (iii) Defendant received payment on account of the debt paid by the Transfers to the extent provided by the provisions of the Bankruptcy Code.

22. Each of the Transfers constitutes an avoidable preference within the meaning of 11 U.S.C. § 547.

23. Despite demand, Defendant has not returned the Transfers to Plaintiff.

## COUNT II
### (Breach of Contract)

24. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

25. The Agreement is an enforceable contract between one or more of the Debtors and Defendant.

26. The Debtors substantially performed their obligations under the Agreement.

27. Defendant did not perform all of its obligations under the Agreement. Among other things, Defendant has not paid the Unused Credits to the Debtors' estates and/or setoff the full amount of the Unused Credits as against the Claims. Accordingly, Defendant has breached the Agreement.

28. As a result, Plaintiff is entitled to an award of damages in at least the amount of the Unused Credits.

## COUNT III
### (Unjust Enrichment)

29. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

30. In the event that there is no adequate remedy at law for Plaintiff on the breach of contract claim, Plaintiff is entitled, in the alternative, to payment for Defendant's unjust

enrichment in an amount at least equal to the Unused Credits.

31. The Debtors have conferred valuable benefits upon Defendant. The Debtors performed under the Agreement and became entitled to the Unused Credits. It would be inequitable and unjust under the circumstances for Defendant to retain the Unused Credits, which are funds to which it has no rights. Indeed, Defendant's continuing retention of the Unused Credits would bestow an unjust and unwarranted windfall on Defendant at the expense of the Debtors' estates.

32. By reason of the foregoing, Plaintiff is entitled to judgment against Defendant in at least the amount of the Unused Credits.

## COUNT IV
### (Turnover Pursuant To 11 U.S.C. § 542)

33. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

34. The Unused Credits represent sums owed by Defendant to Plaintiff.

35. Defendant is in possession, custody or control of the Unused Credits, which constitute (a) property that Plaintiff could otherwise use under 11 U.S.C. § 363 and/or (b) debts which are property of the estate and that have matured.

36. Defendant has not delivered or otherwise accounted for the Unused Credits.

37. The Unused Credits are not of inconsequential value to the Debtors' estates.

38. Pursuant to 11 U.S.C. § 542, Defendant must deliver to Plaintiff and account for the Unused Credits or their equivalent value.

## COUNT V
### (Recovery of Transfers Pursuant To 11 U.S.C. § 550)

39. Plaintiff restates and realleges the allegations of the preceding paragraphs as if

fully set forth herein.

40. Defendant is either the (a) initial transferee of the Transfers, (b) the entity for whose benefit the Transfers were made or (c) an immediate or mediate transferee of an initial transferee.

41. Plaintiff is entitled to recover the value of each of the Transfers pursuant to 11 U.S.C. § 550(a).

## COUNT VI
### (Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))

42. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

43. Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

44. Defendant is a transferee of the Transfers avoidable under 11 U.S.C. §§ 547, 548 and/or 549.

45. Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

46. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 7 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

47. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 7 estates or Plaintiff previously allowed by the Debtors or Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all the Transfers.

## COUNT VII
### (Accounting)

48. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

49. The Trustee is entitled to an accounting of all payments made to the Defendants by the Debtors for all of the relevant invoices for goods sold and delivered by the Defendant to the Debtors and all credits provided by the Defendant on account of invoices submitted by the Defendant to the Debtors.

## COUNT VIII
### (Attorneys Fees and Costs)

50. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

51. By reason of the foregoing and pursuant to Fed. R. Bankr. P. 7008(b), Plaintiff is entitled to recover the reasonable costs and legal fees incurred in connection with this proceeding.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests entry of a judgment in his favor:

(a) awarding Plaintiff at least the sum of the Transfers, plus interest at the legal rate from the date of the Demand Letter, and ordering Defendant to immediately pay the judgment to Plaintiff;

(b) disallowing, in accordance with 11 U.S.C. § 502(d), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

(c) awarding Plaintiff damages for breach of contract, or in the alternative, unjust enrichment, in at least the amount of the Unused Credits plus interest at the legal rate from the date of the Demand Letter, and ordering Defendant to immediately pay the judgment to Plaintiff;

(d) awarding Plaintiff post-judgment interest until the entire amount of the judgment is paid by Defendant;

(e) awarding Plaintiff his costs, fees (including attorneys' fees) and expenses associated with the prosecution of this action;

(f) directing the Defendant to provide an accounting; and

(g) granting such other and further relief as is just and proper.

Dated: April 20, 2011
Wilmington, Delaware

CIARDI CIARDI & ASTIN

_/s/ Joseph J. McMahon, Jr._
Daniel K. Astin (No. 4068)
Joseph J. McMahon, Jr. (No. 4819)
919 N. Market St., Suite 700
Wilmington, DE 19801
Tel: (302) 658-1100
Fax: (302) 658-1300
dastin@ciardilaw.com
jmcmahon@ciardilaw.com

-and-

Rick A. Steinberg, Esq.
*Admitted Pro Hac Vice*
100 Church Street
8th Floor
New York, NY 10007
Phone: (646) 485-0605
Fax: (646) 688-4385
rsteinberg@ciardilaw.com

*Counsel for Charles M. Forman,
Chapter 7 Trustee*